IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DORIS ASIRIFI<br>1810 Manor Drive, Apt D<br>Union, NJ 07083<br><br>and<br><br>CHINWE NWAFOR<br>17 Holland Street<br>Newark NJ 07103<br><br>       Plaintiffs,<br><br>  v.<br><br>OMNI ASSET MANAGEMENT, LLC d/b/a<br>OMNI HEALTH SYSTEMS OF NEW JERSEY<br>26 Journal Square #16<br>Jersey City, NJ 07306<br><br>and<br><br>WEST HUDSON SUB-ACUTE CARE CENTER, LLC<br>206 Bergen Avenue<br>Kearney NJ 07302<br><br>       Defendants | CIVIL ACTION NO:<br><br>COMPLAINT WITH JURY DEMAND |

**COLLECTIVE ACTION CIVIL COMPLAINT**

Plaintiffs Doris Asirifi, and Chinwe Nwafor (hereinafter collectively "Plaintiffs"), by and through undersigned counsel, hereby complain as follows against Defendant Omni Asset Management, LLC and Defendant West-Hudson Sub-Acute Care Center, LLC (hereinafter "Defendants").

## INTRODUCTION

1.      Plaintiffs have initiated the instant action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA"), the New Jersey Wage and Hour Law ("NJWHL") and the New Jersey Wage Payment Law ("NJWPL").  Defendants intentionally failed to pay Plaintiffs for all hours worked and failed to pay Plaintiff 1.5 times their regular rate of pay for hours worked in excess of 40 per workweek.  As a result of Defendants' unlawful actions, Plaintiffs have suffered harm.

## JURISDICTION AND VENUE

2.      This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiffs' federal claims because this civil action arises under a law of the United States and seeks redress for violations of a federal law.  This Court has jurisdiction over Plaintiffs' state law claims because they are supplemental to Plaintiffs' underlying federal claims and arise out of the same transaction or occurrence(s), having the same common nucleus of operative facts pursuant to 28 U.S.C. § 1367(a).

3.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the this judicial district.

## PARTIES

5. The foregoing paragraphs are incorporated herein as if set forth in full.

6. Plaintiff Doris Asirifi (hereinafter "Plaintiff Asirifi") is an adult individual with an address as set forth above.

7. Plaintiff Chinwe Nwafor (hereinafter "Plaintiff Nwafor") is an adult individual with an address as set forth above.

8. At all times relevant hereto, Defendant Omni Asset Management, LLC d/b/a Omni Health Systems of New Jersey (hereinafter "Defendant Omni"), is a health systems operator, that is, upon information and belief, a New Jersey corporation with an address as set forth in the caption that owns and operates nursing home facilities throughout New Jersey including the West Hudson Post-Acute Care Center.

9. At all times relevant hereto, Defendant West Hudson Sub-Acute Care Center, LLC (hereinafter "Defendant West Hudson") employed individuals to work at Defendant West Hudson's West Hudson Post-Acute Care Center, a long term nursing facility located in Kearny, New Jersey.

10. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11. Plaintiffs bring this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons presently and formerly employed as hourly employees by Defendants who worked or work in Defendants' nursing facility located in Kearney, New Jersey, or in another facility owned or operated by

Defendants, and who are/were subject to Defendants' the same unlawful pay practices and policies as were Plaintiffs and who worked/work for Defendants at any point since December 2010 (these members of this putative class will be referred to as "Collective Action Plaintiffs").

12. Collective Action Plaintiffs are similarly situated, have substantially similar non-managerial job duties, have substantially similar pay provisions, and are all subject to Defendants' unlawful policies and practices as discussed infra.

13. There are numerous similarly situated current and former employees of Defendants' who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

14. Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

15. Therefore, Plaintiffs should be permitted to bring this action as a collective action for and on behalf of themselves and those employees similarly situated (i.e., the Collective Action Plaintiffs), pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## FACTUAL BACKGROUND

16. The foregoing paragraphs are incorporated herein as if set forth in full.

17. Plaintiff Asirifi was hired by Clara Maass Continuing Care Systems in or around October 2006.

18. Plaintiff Nwafor was hired by Clara Maass Continuing Care Systems in or around December 2006.

19. Clara Maass Continuing Care Systems owned and operated the Clara Maass Continuing Care Center, a nursing and rehabilitation facility, located at 206 Bergen Avenue, Kearney New Jersey.

20. Upon information and belief, Clara Maass Continuing Care Systems' nursing facility in Kearney New Jersey was sold to Defendants on or about December 10, 2010.

21. Thereupon, the nursing facility was renamed the West Hudson Post-Acute Care Center.

22. At all times relevant herein, Plaintiff Asirifi served as a registered nurse at the West Hudson Post-Acute Care Center.

23. At all times relevant herein, Plaintiff Nwafor served as a registered nurse at the West Hudson Post-Acute Care Center.

24. At all times relevant hereto, Plaintiffs were paid on an hourly basis.

25. At all times relevant herein Plaintiffs regularly worked for Defendants in excess of 40 hours per workweek.

26. Plaintiff Asirifi was to be compensated at a rate of $29.45/hr and 1.5 times this rate for each hour that Plaintiff worked in excess of 40 hours in a workweek.

27. Plaintiff Nwafor was to be compensated at a rate of $27.25/hr and 1.5 times this rate for each hour that Plaintiff worked in excess of 40 hours in a workweek.

28. Plaintiffs were scheduled to work five (5) eight (8) hour shifts per week, though they regularly worked in excess of 40 hours per workweek.

29. Defendants paid Plaintiffs and Collective Action Plaintiffs for only 7.5 hours per day for each scheduled shift. Thirty (30) minutes of pay was automatically deducted from each

employee's pay per shift for a break even though Plaintiffs and Collective Action Plaintiffs, rarely, if ever took a 30 minute break during their shift.

30. On dates where Plaintiffs and Collective Action Plaintiffs did not take a break, Defendants failed to pay wages that were due them for work they performed, and failed to pay Plaintiffs and Collective Action Plaintiffs their entire hourly rate, resulting in Plaintiffs and Collective Action Plaintiffs suffering damages in the form of financial harm; these failures were intentional on Defendants' part.

31. Plaintiffs regularly worked for Defendants in excess of 42 hours per workweek.

32. Defendants failed to pay Plaintiffs at the rate of 1.5 times Plaintiffs' regular rate of pay for each hour that Plaintiffs worked in excess of 40 in a workweek.

33. Defendants paid Plaintiffs only part of their wages for the services they performed and the hours they worked from December 10, 2010 onward.

## COUNT I
### Violations of the Fair Labor Standards Act (FLSA)
**(Failure to Pay Minimum Wage)**

34. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

35. At all times relevant herein, Defendants were and continue to be an "employer" within the meaning of the FLSA.

36. At all times relevant herein, Plaintiffs and Collective Action Plaintiffs were employed by Defendants as "employees" within the meaning of the FLSA.

37. The FLSA requires covered employers, such as Defendants, to minimally compensate employees, such as Plaintiffs and Collective Action Plaintiffs, at the federal minimum wage rate for each hour worked.

38. Defendants failed to pay Plaintiffs and Collective Action Plaintiffs the federal minimum wage for hours they worked.

39.     As a result of Defendants' failure to compensate Plaintiffs and Collective Action Plaintiffs pursuant to federal minimum wage, Defendants have violated and continue to violate the FLSA.

## COUNT II
### Violations of the Fair Labor Standards Act (FLSA)
**(Failure to Pay Overtime Compensation)**

40.     The foregoing paragraphs are incorporated herein as if set forth in full.

41.     At all times relevant herein, Defendants were and continue to be employers within the meaning of the FLSA.

42.     Defendants had control over Plaintiffs' and Collective Action Plaintiffs' pay from on or about December 10, 2010 onwards.

43.     At all times relevant herein, Plaintiffs and Collective Action Plaintiffs were employed by Defendants as non-exempt employees within the meaning of the FLSA.

44.     Under the FLSA, an employer must pay a non-exempt employee at least one and one half times the employee's regular hourly rate of pay for each hour worked in excess of forty per workweek.

45.     Defendants' violations of the FLSA include, but are not limited to:

   a.   not paying Plaintiffs and Collective Action Plaintiffs at least 1.5 times their regular hourly rate of pay for all hours worked in excess of forty per workweek; and

   b.   not using proper record keeping to ensure that Plaintiffs and Collective Action Plaintiffs were paid for each and every hour they worked.

46.     Defendants' conduct caused Plaintiffs and Collective Action Plaintiffs to suffer damages.

## COUNT III
### Violations of the New Jersey Wage & Hour Law

**(Failure to Pay Minimum Wage)**

47. The foregoing paragraphs are incorporated herein as if set forth in full.

48. At all times relevant herein, Defendants were and continue to be an "employer" within the meaning of New Jersey Wage & Hour Law.

49. New Jersey Wage & Hour Law requires covered employers, such as Defendants, to minimally compensate their "non-exempt" employees, such as Plaintiffs, 1.5 times the employee's regular rate of pay for each hour that the employee works over 40 in a workweek.

50. New Jersey Wage & Hour Law requires covered employers, such as Defendants, to minimally compensate employees, such as Plaintiffs and Collective Action Plaintiffs, at the state minimum wage rate for each hour worked.

51. Defendants failed to pay Plaintiffs and Collective Action Plaintiffs the state minimum wage for hours they worked.

52. As a result of Defendants' failure to compensate Plaintiffs and Collective Action Plaintiffs pursuant to New Jersey Wage & Hour Law, Defendants have violated and continue to violate New Jersey Wage & Hour Law.

**COUNT IV**
**Violations of the New Jersey Wage & Hour Law**
**(Failure to Pay Overtime Compensation)**

53. The foregoing paragraphs are incorporated herein as if set forth in full.

54. At all times relevant herein, Defendants were and continue to be an "employer" within the meaning of New Jersey Wage & Hour Law.

55. New Jersey Wage & Hour Law requires covered employers, such as Defendants, to minimally compensate their "non-exempt" employees, such as Plaintiffs, 1.5 times the employee's regular rate of pay for each hour that the employee works over 40 in a workweek.

56. At all times relevant herein, Plaintiffs and Collective Action Plaintiffs were "non-exempt" employees within the meaning of New Jersey Wage & Hour Laws.

57. Defendants knew that Plaintiffs and Collective Action Plaintiffs were "non-exempt" employee within the meaning of New Jersey Wage & Hour Law.

58. Defendants failed to pay Plaintiffs and Collective Action Plaintiffs 1.5 times their regular rate of pay for each hour worked over 40 each workweek.

59. As a result of Defendants' failure to pay Plaintiffs and Collective Action Plaintiffs the overtime compensation due them, Defendants have violated New Jersey Wage & Hour Law, causing Plaintiffs to suffer damages.

## COUNT V
### Violations of the New Jersey Wage Payment Law
**(Failure to Pay Wages)**

60. The foregoing paragraphs are incorporated herein as if set forth in full.

61. Defendants failed to pay Plaintiffs and Collective Action Plaintiffs all wages due them owed under the law.

62. Defendants' conduct violated the New Jersey Wage Payment Law.

63. As a result of Defendants' unlawful conduct, Plaintiffs and Collective Action Plaintiffs suffered damages as set forth herein.

**WHEREFORE**, Plaintiffs prays that this Court enter an Order providing that:

Defendants be prohibited from continuing to maintain its illegal policy, practice or custom in violation of federal and state law;

Defendants are to compensate, reimburse, and make Plaintiffs and Collective Action Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions;

Plaintiffs and Collective Action Plaintiffs are to be awarded liquidated damages for Defendants' illegal actions, as provided under applicable law;

Plaintiffs and Collective Action Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided under applicable law;

Plaintiffs and Collective Action Plaintiffs are to be awarded any and all other equitable and legal relief as the Court deems appropriate.

>Respectfully Submitted,
>
>*/s/ Richard Swartz*
>Richard S. Swartz, Esq.
>Manali Arora, Esq.
>**SWARTZ SWIDLER, LLC**
>1878 Marlton Pike East, Ste. 10
>Cherry Hill, NJ 08003
>Phone: (856) 685-7420
>Fax: (856) 685-7417

Dated: July 5, 2011