IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DORIS ASIRIFI<br>1810 Manor Drive, Apt D<br>Union, NJ 07083<br><br>and<br><br>CHINWE NWAFOR<br>17 Holland Street<br>Newark NJ 07103<br><br>       Plaintiffs,<br><br>v.<br><br>WEST HUDSON SUB-ACUTE CARE<br>CENTER, LLC<br>206 Bergen Avenue<br>Kearney NJ 07302<br><br>and<br><br>OMNI ASSET MANAGEMENT, LLC d/b/a<br>OMNI HEALTH SYSTEMS OF NEW<br>JERSEY<br>26 Journal Square #16<br>Jersey City, NJ 07306<br><br>       Defendants | CIVIL ACTION NO: 11-4039<br><br>COMPLAINT WITH JURY DEMAND |

## FIRST AMENDED COMPLAINT

Plaintiffs Doris Asirifi and Chinwe Nwafor (hereinafter "Named Plaintiffs"), by and through undersigned counsel, hereby complain as follows against Defendant West-Hudson Sub-Acute Care Center, LLC ("Defendant West-Hudson") and Defendant Omni Asset Management, LLC d/b/a Omni Health Systems of New Jersey (hereinafter "Defendant Omni"). Defendant West-Hudson and Defendant Omni will be referred to herein as "Defendants." Named Plaintiffs bring this action individually, and as a collective action.

## INTRODUCTION

1. Named Plaintiffs have initiated the instant action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA") and the New Jersey Wage Payment Law ("NJWPL"). Defendants intentionally failed to pay Named Plaintiffs for all hours worked, and Defendants intentionally failed to pay Named Plaintiffs 1.5 times their regular rate of pay for all hours worked in excess of 40 per workweek. Named Plaintiffs accordingly bring this action.

## JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Named Plaintiffs' federal claims because this civil action arises under a law of the United States and seeks redress for violations of a federal law. This Court has jurisdiction over Named Plaintiffs' state law claims because they are supplemental to Named Plaintiffs' underlying federal claims and arise out of the same transaction or occurrence(s), having the same common nucleus of operative facts pursuant to 28 U.S.C. § 1367(a).

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the this judicial district.

## PARTIES

5. The foregoing paragraphs are incorporated herein as if set forth in full.

6. Plaintiff Doris Asirifi (hereinafter "Plaintiff Asirifi") is an adult individual with an address as set forth above.

7. Plaintiff Chinwe Nwafor (hereinafter "Plaintiff Nwafor") is an adult individual with an address as set forth above.

8. At all times relevant hereto, Defendant West Hudson is a Limited Liability Company that employed individuals to work at its long term nursing facility located in Kearny, New Jersey, at the address forth in the caption.

9. At all times relevant hereto, Defendant Omni is a health systems operator that is, upon information and belief, a New Jersey corporation with an address as set forth in the caption that owns and/or operates nursing home facilities throughout New Jersey including Defendant West Hudson.

10. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11. Named Plaintiffs bring this action for violations of the FLSA individually, and as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). As a collective action, Named Plaintiffs bring this action on behalf of all persons (including themselves) who have been employed as hourly employees by Defendant West Hudson and/or Defendant Omni who worked in Defendant West Hudson's and/or Defendant Omni's nursing facility located in Kearney, New Jersey, or in another facility owned or operated by Defendant West Hudson

and/or Defendant Omni, and who were subject to the same unlawful pay practices and policies as were Named Plaintiffs (described in detail below) and who worked for Defendant West Hudson and/or Defendant Omni at any point since December 2010 (the members of this putative class will be referred to as "Collective Action Plaintiffs").

12. Collective Action Plaintiffs are similarly situated, have substantially similar non-managerial job duties, have substantially similar pay provisions, and are all subject to Defendant West Hudson's and/or Defendant Omni's unlawful policies and practices as discussed herein.

13. There are numerous similarly situated former and current employees of Defendant West Hudson and/or Defendant Omni who were/are compensated improperly for the hours they worked, including but not limited to for overtime hours worked, in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

14. Similarly situated employees are known to Defendant West Hudson and/or Defendant Omni, are readily identifiable by Defendant West Hudson and/or Defendant Omni, and can be located through Defendant West Hudson's and/or Defendant Omni's records.

15. Therefore, Named Plaintiffs should be permitted to bring this action as a collective action for and on behalf of themselves (as they have filed this claim to vindicate their individual claims), and those employees similarly situated (*i.e.*, the Collective Action Plaintiffs) pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## FACTUAL BACKGROUND

16. The foregoing paragraphs are incorporated herein as if set forth in full.

17. Plaintiff Asirifi was hired by Clara Maass Continuing Care Systems in or around October 2006.

18. Plaintiff Nwafor was hired by Clara Maass Continuing Care Systems in or around December 2006.

19. Clara Maass Continuing Care Systems owned and operated the Clara Maass Continuing Care Center, a nursing and rehabilitation facility, located at 206 Bergen Avenue, Kearney New Jersey.

20. Upon information and belief, the Clara Maass Continuing Care Center in Kearney New Jersey was sold to Defendant West Hudson and/or Defendant Omni on or about December 10, 2010.

21. Thereupon, the nursing facility was renamed the West Hudson Post-Acute Care Center.

22. At all times relevant herein, Plaintiff Asirifi worked as a registered nurse at the West Hudson Post-Acute Care Center.

23. At all times relevant herein, Plaintiff Nwafor worked as a registered nurse at the West Hudson Post-Acute Care Center.

24. At all times relevant herein, the West Hudson Post-Acute Care Center was owned by Defendant West Hudson.

25. At all times relevant herein, the West Hudson Post-Acute Care Center was owned by Defendant West Hudson.

26. At all times relevant herein, the West Hudson Post-Acute Care Center was operated by Defendant West Hudson.

27. At all times relevant herein, the West Hudson Post-Acute Care Center was owned by Defendant Omni.

28. At all times relevant herein, the West Hudson Post-Acute Care Center was operated by Defendant Omni.

29. At all times relevant hereto, Named Plaintiffs and Collective Action Plaintiffs were paid on an hourly basis by Defendant West Hudson.

30. At all times relevant hereto, Named Plaintiffs and Collective Action Plaintiffs were paid on an hourly basis by Defendant Omni.

31. At all times relevant herein, Plaintiff Asirifi was an employee of Defendant West Hudson.

32. At all times relevant herein, Plaintiff Asirifi was an employee of Defendant Omni.

33. At all times relevant herein, Plaintiff Nwafor was an employee of Defendant West Hudson.

34. At all times relevant herein, Plaintiff Nwafor was an employee of Defendant Omni.

35. At all times relevant herein, Plaintiff Asirifi was jointly employed by Defendant West Hudson and Defendant Omni.

36. At all times relevant herein, Plaintiff Nwafor was jointly employed by Defendant West Hudson and Defendant Omni.

37. Plaintiff Asirifi was to be compensated at a rate of $29.45/hr and 1.5 times this rate for each hour that she worked in excess of 40 hours in a workweek.

38. Plaintiff Nwafor was to be compensated at a rate of $27.25/hr and 1.5 times this rate for each hour that she worked in excess of 40 hours in a workweek.

39. Plaintiffs were generally scheduled to work five (5) eight (8) hour shifts per workweek, though they regularly worked in excess of 40 hours per workweek.

### UNLAWFUL AUTOMATIC DEDUCTIONS FOR "MEAL BREAKS"

40. The foregoing paragraphs are incorporated herein as if set forth in their entirety

41. Per Defendant West Hudson's and/or Defendant Omni's policies, Named Plaintiffs and Collective Action Plaintiffs may take a 30-minute unpaid meal break each shift.

42. Defendant West Hudson and/or Defendant Omni automatically deducted 30 minutes of paid time from Named Plaintiffs' and Collective Action Plaintiffs' paychecks for each shift they worked, whether or not a meal break was taken.

43. Accordingly, Defendant West Hudson and/or Defendant Omni did not accurately track Named Plaintiffs' and Collective Action Plaintiffs' time for "unpaid breaks."

44. Named Plaintiffs rarely, if ever, took a bona-fide 30 minute uninterrupted meal break.

45. Upon information and belief, Collective Action Plaintiffs also rarely, if ever, took a bona-fide 30 minute uninterrupted meal break.

46. Accordingly, Named Plaintiffs and Collective Action Plaintiffs were routinely docked for 30-minute meal breaks when they did not take a bona-fide meal break of at least 30 minutes.

47. Moreover, as Named Plaintiffs and Collective Action Plaintiffs routinely worked more than 40 hours per week, this unpaid time also resulted in Named Plaintiffs and Collective Action Plaintiffs being denied proper overtime compensation.

## UNLAWFUL FAILURE TO PAY
## FOR ALL HOURS WORKED

48. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

49. Named Plaintiffs were regularly required to work in excess of their scheduled shifts in order to complete their assigned daily tasks and/or to assist with the transition to the replacement nurses (who were scheduled to begin their shift at 07:00) and/or to stay with patients until the replacement nurses were able to take over the care of the patients.

50. Upon information and belief, Collective Action Plaintiffs were also regularly required to work in excess of their scheduled shifts in order to complete their assigned daily tasks and/or to assist with the transition to the replacement nurses and/or to stay with patients until the replacement nurses were able to take over care of the patients.

51. Nonetheless, Defendant West Hudson and/or Defendant Omni failed to pay Named Plaintiffs any pay, including but not limited to overtime premium pay, for the hours they worked in excess of their scheduled shifts.

52. Indeed, Defendant West Hudson and/or Defendant Omni routinely subtracted, to the detriment of Named Plaintiffs (and upon information and belief to the detriment of Collective Action Plaintiffs), the time they worked beyond the scheduled end of their shift, so that Defendant West Hudson and/or Defendant Omni could short them for the time they worked beyond the scheduled end of their shift.

53. By way of example:

    a. On April 8, 2011, Plaintiff Nwafor was scheduled to work from 23:00 until 7:00 but actually worked from 23:00 until 07:45 (a total of 8 hours and 45 minutes).

    b. Defendant West Hudson, however, paid Plaintiff Nwafor for only 7.5 hours of work on April 8, 2011 (after automatically deducting 30 minutes

for a "meal break," Defendant West Hudson deducted an additional 45 minutes from Plaintiff Nwafor's pay).

54. By way of another example:

    a. On December 27, 2010, Plaintiff Asirifi was scheduled to work from 23:00 until 7:00 but actually worked from 22:51 until 08:20 (a total of 9 hours and 31 minutes).

    b. Defendant West Hudson, however, paid Plaintiff Asirifi for only 7.5 hours of work on that day (after automatically deducting 30 minutes for a "meal break," Defendant West Hudson deducted an additional 1 hour and 1 minute from Plaintiff Asirifi's pay).

55. A true and correct copy of Plaintiff Asirifi's "Time Card Report" is attached hereto as "Exhibit A."

56. A true and correct copy of Plaintiff Nwafor's "Time Card Report" is attached hereto as "Exhibit B."

57. Upon information and belief, Defendant West Hudson and/or Defendant Omni failed to pay Collective Action Plaintiffs any pay, including but not limited to overtime premium pay, for the hours they worked in excess of their scheduled shifts.

58. As Named Plaintiffs and, upon information and belief, Collective Action Plaintiffs, routinely worked in excess of 40 hours per workweek, much of this unpaid time resulted in them being denied proper overtime compensation.

59. Furthermore, Defendant West Hudson and/or Defendant Omni routinely shorted Named Plaintiffs whenever presented the opportunity to do so.

60. By way of example:

    a. On March 14, 2011, while Plaintiff Nwafor reported to work 7 minutes late for her shift (she reported at 23:07), she worked 16 minutes beyond the scheduled end of her shift (she worked until 07:16) (and thus she worked a total of 8 hours and 9 minutes).

  b. However, Defendant West Hudson and/or Defendant Omni (after deducting 30-minutes for the "meal break") paid Plaintiff Nwafor for only 7 hours and 23 minutes (*i.e.*, they paid Plaintiff Nwafor for only 7 hours and 38/100's of an hour (7.38)).

61. By way of another example:

  a. On March 14, 2011, while Plaintiff Asirifi reported to work 14 minutes late for her shift (at 23:14), she worked 30 minutes beyond the scheduled end of her shift (she worked until 07:30) (and thus she worked a total of 8 hours and 16 minutes).

  b. However, Defendant West Hudson and/or Defendant Omni (after deducting 30-minutes for the "meal break") paid Plaintiff Asirifi for only 7 hours and 16 minutes (*i.e.*, they paid Plaintiff Nwafor for only 7 hours and 27/100's of an hour (7.27)).

62. Defendants' unlawful practices/practice of failing to pay for all hours worked occurred on a routine basis throughout Named Plaintiffs' employment history. *See* Exhibits A & B.

63. Upon information and belief, Defendant West Hudson and/or Defendant Omni routinely shorted Collective Action Plaintiffs whenever presented the opportunity to do so.

### COUNT I
### Violations of the Fair Labor Standards Act (FLSA)
### (Failure to Pay Overtime Compensation)
### (Individual Plaintiffs and Collective Action Plaintiffs)

64. The foregoing paragraphs are incorporated herein as if set forth in full.

65. At all times relevant herein, Defendant West Hudson and/or Defendant Omni were and continue to be employers within the meaning of the FLSA.

66. Defendant West Hudson and/or Defendant Omni had control over Named Plaintiffs' and Collective Action Plaintiffs' pay from on or about December 10, 2010 onwards.

67. At all times relevant herein, Named Plaintiffs and Collective Action Plaintiffs were employed by Defendant West Hudson and/or Defendant Omni as non-exempt employees within the meaning of the FLSA.

68. Under the FLSA, an employer must pay a non-exempt employee at least one and one half times the employee's regular hourly rate of pay for each hour worked in excess of forty per workweek.

69. Defendant West Hudson's and/or Defendant Omni's violations of the FLSA include, but are not limited to:

    a. not paying Named Plaintiffs and Collective Action Plaintiffs at least 1.5 times their regular hourly rate of pay for all hours worked in excess of forty per workweek;

    b. not using proper record keeping to ensure that Named Plaintiffs and Collective Action Plaintiffs were paid for each and every hour they worked; and

    c. implementing unlawful subtracting practices.

70. Defendant West Hudson and/or Defendant Omni failed to pay Named Plaintiffs and Collective Action Plaintiffs for the time they worked through their "meal breaks" and for the time they worked beyond their scheduled shift end times.

71. Defendant West Hudson's and/or Defendant Omni's conduct caused Named Plaintiffs and Collective Action Plaintiffs to suffer damages.

### COUNT II
### Violations of the New Jersey Wage Payment Law
**(Failure to Pay Wages)**
**(Individual Plaintiffs)**

72. The foregoing paragraphs are incorporated herein as if set forth in full.

73. Defendant West Hudson and/or Defendant Omni failed to pay Named Plaintiffs and Collective Action Plaintiffs all wages due them under their employment agreement and/or under the law.

74. Defendant West Hudson and/or Defendant Omni failed to pay Named Plaintiffs and Collective Action Plaintiffs for the time they worked through their "meal breaks" and for the time they worked beyond their scheduled shift end times.

75. Defendant West Hudson's and/or Defendant Omni's conduct violated the New Jersey Wage Payment Law.

76. As a result of said unlawful conduct, Named Plaintiffs and Collective Action Plaintiffs suffered damages as set forth herein.

**WHEREFORE,** Named Plaintiffs pray that this Court enter an Order providing that:

Defendants be prohibited from continuing to maintain their illegal policy, practice or custom in violation of federal and state law;

Defendants are to compensate, reimburse, and make Plaintiffs and Collective Action Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions;

Named Plaintiffs and Collective Action Plaintiffs are to be awarded liquidated damages for Defendants' illegal actions, as provided under applicable law;

Named Plaintiffs and Collective Action Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided under applicable law;

Named Plaintiffs and Collective Action Plaintiffs are to be awarded any and all other equitable and legal relief as the Court deems appropriate.

Respectfully Submitted,

*s/ Richard S. Swartz*
Richard S. Swartz, Esq.
Manali Arora, Esq.
**SWARTZ SWIDLER, LLC**
1878 Marlton Pike East, Ste. 10
Cherry Hill, NJ 08003
Phone: (856) 685-7420
Fax: (856) 685-7417

Dated: February 6, 2012