NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DORIS ASIRIFI | Hon. Dennis M. Cavanaugh |
| and | **OPINION** |
| CHINWE NWAFOR | Civil Action No. 11-4039 (DMC)(MF) |
| Plaintiffs, | |
| v. | |
| WEST HUDSON SUB-ACUTE CARE CENTER, LLC, *et al.* | |
| Defendant. | |

DENNIS M. CAVANAUGH, U.S.D.J.

This matter comes before the Court upon the Motion of Defendant West Hudson Sub-Acute Care Center, LLC ("Defendant") to Dismiss the Second Amended Complaint of Plaintiffs Doris Asirifi and Chinwe Nwafor ("Plaintiffs") pursuant to FED. R. CIV. P. 12(b)(6). (ECF No. 40). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendant's Motion to Dismiss is **denied with prejudice**.

1

I.  **BACKGROUND**[1]

A.  **Factual History**

Plaintiffs were employees of Defendant's nursing center located in Kearny, New Jersey. Plaintiffs served as registered nurses and received hourly wages; Asirifi earned $29.45/hr, and Nwafor earned $27.25/hr. Generally, Plaintiffs were scheduled to work five eight-hour shifts per week. During these shifts, Defendant's policy allowed Plaintiffs to take a thirty minute meal break each shift. This thirty minute meal break was unpaid—Defendant deducted thirty minutes of pay from each shift automatically, whether or not a meal break was taken.

Plaintiffs assert they rarely, if ever took, a bona-fide thirty minute uninterrupted meal break, and that the same can be true for other employees similarly situated as Plaintiffs. Defendant scheduled Plaintiffs to meet with patients and to continue their duties throughout their shifts, making it difficult to take uninterrupted meal breaks. Defendant also permitted Plaintiffs to work through their shifts without taking thirty minute meal breaks, even though Defendant knew Plaintiffs were being docked thirty minutes of pay for a meal break. Defendant failed to keep records or documentation regarding which employees missed their meal break on which days, and, because the meal break was automatically deducted, Plaintiffs were working off the clock.

Meal breaks were not the only instance of Plaintiffs working off the clock. Plaintiffs's time sheets, or Time Card Reports, demonstrate examples where Plaintiffs received less payment

---

[1] The facts in the Background section have been taken from the Plaintiff's Second Amended Complaint. (Apr. 30, 2012, ECF No. 40). On this Motion to Dismiss, the Court will accept the factual allegations in the Second Amended Complaint as true and construe all facts in Plaintiffs' favor.

than the Time Card Reports punch in and punch out times suggest. On December 27, 2010, Asirifi worked from 22:01 until 8:20, a total of nine hours and thirty-one minutes. After a thirty minute meal time deduction, Defendant only paid Plaintiff Asirifi for seven and one-half hours, leaving 1 hour and 1 minute unpaid. On March 14, 2011, Plaintiff Nwafor was seven minutes late for her shift, she worked from 23:07 to 7:16, a total of eight hours and nine minutes, but after a thirty minute meal time deduction, Nwafor received payment for only seven hours and twenty-three minutes or 7.38 hours, leaving 16 minutes unpaid. On that same day, Plaintiff Asirifi was fourteen minutes late, and worked from 23:14 until 7:30, a total of eight hours and sixteen minutes, but received payment for only seven hours and sixteen minutes or 7.27 hours, leaving 16 minutes unpaid. On April 8, 2011, Plaintiff Nwafor worked from 23:00 until 7:45, a total of eight hours and forty-five minutes, but was paid only for seven and one-half hours of work, leaving 45 minutes unpaid after the thirty minute meal time deduction.

Having worked at the facility from December 2010 until the spring of 2011, Plaintiffs seek to represent a collective action group that includes other employees similarly situated or employed by Defendant since December of 2010 with substantially similar non-managerial job duties and substantially similar pay provisions.

### B. Procedural History

Defendant filed this Motion to Dismiss Plaintiff's Second Amended Complaint and an accompanying Moving Brief ("Def. Mov. Br.") on June 7, 2012. (ECF No. 43). Defendant asserts that Plaintiff has not alleged a cause of action regarding meal breaks because there is no duty to ensure that employees are taking uninterrupted meal breaks, and that meal breaks are interrupted and compensable when the employee is required to give up a substantial measure of

time and effort. Defendant also claims that the Plaintiffs fail to state specific periods when the Plaintiffs took breaks, what happened during break interruptions, and whether the work duties pre-dominated the break. For these reasons, Defendant argues that FED. R. CIV. P. 12(b)(6) should apply, since Plaintiffs have not articulated a claim against Defendant for which relief can be granted. Further, Defendant claims that attempts to maintain a collective action for other putative Plaintiffs regarding meal break must fail. Defendant alleges that Plaintiffs cannot maintain a class action group because Plaintiffs' potential class includes employees with different job categories, shifts, supervisors, schedules and pay rates, and that each claim involving a meal break has to be established based upon an individual analysis of the claim. Plaintiffs filed an Opposition Brief ("Pl. Opp. Br.") on June 15, 2012. (ECF No. 44). Defendant filed a Reply ("Def. Rep. Br.") on July 2, 2012. (ECF No. 46). The matter is now before this Court.

## II.   STANDARD OF REVIEW

In deciding a motion under Rule 12(b)(6), the district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. To survive a motion to dismiss, the complaint must state a plausible claim. Ashcroft v.

Iqbal, 129 S. Ct. 1937, 1950 (2009). Thus, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 555.

### III. DISCUSSION

#### A. Counts I and II: Meal Break and Unpaid Hours Claim.

Plaintiffs assert two claims. First, that Defendant violated the Fair Labor Standards Act and the New Jersey Wage Payment Law by failing to pay a non-exempt employee at least one and one-half times the employee's regularly rate of pay for hours worked in excess of forty hours per week. Plaintiffs maintain that because employees routinely worked through lunch, the automatic meal deductions resulted in overtime labor that was uncompensated. Second, Plaintiff alleges that Defendant failed to pay Plaintiffs for the time they worked beyond their scheduled shift end times, and Plaintiffs further allege that Defendant failed to compensate Plaintiffs for work performed during meal time. These claims are sufficiently supported by the facts pled and by the inclusion of the Time Card Reports, which demonstrate a clear error of payment by Defendant.

##### i. Meal Break Claim

Plaintiffs brought their Meal Break Claim pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and pursuant to the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. § 34:11-56. Under both statutes, an employer is required to pay an employee at least one and one-half times their regular hourly rate of pay for all hours worked in excess of forty hours per workweek.. 29 U.S.C. § § 207(a)(1); N.J.S.A. 34:11-56. Plaintiffs

5

argue that Defendant violated the FLSA and NJWHL because the effect of not compensating Plaintiffs for the time they worked through meal break denies them the benefit of overtime hours.

In <u>Taylor v. Pittsburgh Mercy Health Sys.</u>, the court held that pleadings that stated that plaintiffs worked after the end of their scheduled shifts and were not paid for such time was sufficient to state a claim under FLSA. 2009 U.S. Dist. LEXIS 84930, *4–5 (W.D. Pa. 2009). Further, in <u>In re Bank of Am. Wage & Hour Empl. Litig.</u>, the court denied the defendant's motion to dismiss where the plaintiff did not need to allege how often and how much a plaintiff was required to work in excess of forty hours per week. 2010 U.S. Dist. LEXIS 112029, *1 (D. Kan. 2012). The court held that the complaint was sufficient to survive the motion, so long as the pleadings alleged that the plaintiffs were otherwise eligible to receive overtime compensation and worked more than forty hours a week. <u>Id.</u>

In <u>Kuznyetsov v. West Penn Allegheny Health Sys.</u>, the defendant implemented an automatic meal thirty minute meal deduction system for employees. 2011 U.S. Dist. LEXIS 146056, *6 (W.D. Pa. 2011). The meal deduction program was capable of being overridden–if the employee worked during the break, the entire thirty minute deduction could have been nullified, and the employee would thus be compensated for working through his or her meal break. <u>Id.</u> Across the defendant's divisions, the method of cancelling the deduction varied–an employee would have to speak with a supervisor, technician, or manager. <u>Id.</u> Plaintiff sought recovery for compensation for hours worked during a meal break. <u>Id.</u> The court ruled that an automatic meal deduction policy is lawful if it creates an accurate record of what the employees actually work. <u>Id.</u> at *n.2. The court reasoned that an automatic deduction policy does not violate the FLSA so long as the employer accurately records actual hours worked, including any work

6

performed during the lunch period. *Citing* Dep't of Labor, Wage & Hour Div., Opinion Letter FLSA2007-INA (May 14, 2007).

Here, Plaintiffs's facts are most similar to those in <u>In re Bank of Am. Wage & Hour Empl. Litig.</u>. Like the plaintiff in that case, Plaintiffs have not alleged a specific time that an infraction has occurred. Instead, Plaintiffs stated that they regularly worked through meal breaks by performing their regular nursing duties throughout their shift, and rarely, if ever took a bona-fide thirty minute, uninterrupted break. Further, the Defendant's Motion must be denied for the reasons set out in <u>Kuznyetsov</u>. To dismiss Plaintiffs' meal deduction claim would be to encourage a lack of information or responsibility on behalf of the employer. This District has maintained that it is the employer's job to create an exception log for employees to record when they have worked through breaks. If a payment system recorded exceptions where employees worked through breaks and were not docked their usual meal deduction, it would be unlikely to violate the FLSA. Plaintiffs' statement of regularly working through meal breaks, and Plaintiffs' demonstration that they regularly worked forty hours, as rendered by their Time Card Report, factually means that they worked unpaid overtime hours. Accordingly, there are sufficient facts to proceed.

**ii. Unpaid Hours Claim**

Plaintiffs brought their Unpaid Hours Claim pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and pursuant to the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. § 34:11-56. Under both statutes, an employer is required to pay an employee minimum wage for all hours worked. § § 29 U.S.C. 206(a)(1); N.J.S.A. 34:11-56(a). Plaintiffs argue that Defendant violated the FLSA and NJWHL because the Defendant did not

compensate Plaintiffs for the time they worked. Further, Plaintiffs allege that working during meal breaks also constitutes a failure to pay minimum wage for hours worked.

In Harris v. Scriptfleet, Inc., the plaintiff alleged that he was unpaid for his duties of delivering medical devices to nursing homes, which constituted violations pursuant to the FLSA and NJWHL statutes mandating minimum wage and overtime payment for applicable employees. 2011 U.S. Dist. LEXIS 139870, *1 (D.N.J. 2011). The plaintiff alleged that he had to show up two hours prior to the delivery, and was not compensated for that time. Id. at *9. The defendant, an employer, filed a 12(b)(6) motion to dismiss the claim, alleging that the plaintiff failed to state specifically how many hours were un-compensated. Id. The court denied the defendant's Motion. Id. at *12–13. The court reasoned that, unlike the complex anti-trust scheme in Twombly, FLSA and NJWHL claims are straight forward. Id. at *7. Further, the court reasoned that the employer had all employment records relevant, as was required under section § 211(c) of FLSA. Id. at *11.

Like the plaintiff in Harris, Plaintiffs here have pled sufficient facts. Not only do the Plaintiffs allege that they were uncompensated for hours worked as the plaintiffs in Harris, Plaintiffs in this case have included their Time Card Sheets. Further, like the plaintiff's claim in Harris, the claim here lacks the sophistication of Twombly. Therefore, Plaintiffs in this case, like those in Harris, are not expected to provide specific instances or specific dates of uncompensated work, where it is likely that Defendant has all relevant employment records. Nonetheless, Plaintiffs have alleged specific instances of uncompensated work, and shown at least four instances of alleged unpaid compensation. (See, Compl. ¶¶ 53, 54).

While the Plaintiffs have not alleged specific instances of meal break interruptions, the

8

court in Harris did not require a showing of specific instances, or initial proof how many hours were uncompensated. Plaintiffs maintain that they were regularly forced to work through meal breaks, and that they rarely, if ever, took the full thirty minute meal break. These facts, if taken as true, coupled with the Time Card Reports which allege specific instances of unpaid work, are factually sufficient to survive this Motion to Dismiss.

Accordingly, Defendant's Motion to Dismiss of Counts I and II of the Complaint is **denied with prejudice**.

### B. Plaintiffs' Collective Group Action

Plaintiffs seek to create a collective action group for all similarly situated former and current employees, or those employed by Defendant since December of 2010, with substantially similar non-managerial job duties and substantially similar pay provisions. Defendant contends that even if violations of FLSA and the NJWHL occurred to Plaintiffs, the Plaintiffs' claims for the collective action group be dismissed. (Def. Opp. Br., 10,12). For the following reasons, the Defendant's requests should be denied, and the prospective collective action group should proceed with discovery.

The Fair Labor Standards Act permits employees to maintain a collective action under 29 U.S.C. § 216(b) for themselves and on behalf of, "other employees similarly situated." 29 U.S.C. § 216(b). Whether other employees are similarly situated is an issue that is typically not determined until after Plaintiffs file a Motion for Collective Action Certification, following discovery on the issue. Erhart v. Synthes, 2007 U.S. Dist. LEXIS 94760, *1 (D.N.J. 2007).

In Erhart v. Synthes, the defendant sought to dismiss Plaintiff's claim for collective action

prior to discovery. The defendant was a manufacturer of a medical device, a bone plate, that was screwed directly onto bone fragments to help the healing process. Id. at *2. Plaintiff set a class to those who had received or had implanted the corrective plate. Id. at *2. The defendant sought to dissolve of the class in a 12(b)(6) motion. The court held that such a motion may be considered prior to discovery, but only in rare circumstances. Id. at *12. The court reasoned that such motions are better denied, because the shape and form of the class takes form only after discovery. Id.

Like the claim in Erhart, Plaintiffs's desire to form a class would best be determined after discovery. Doing so would yield the Plaintiffs an opportunity to hone in on the group, and the Court will have an opportunity to analyze the merits of the collective action group, and would be consistent with the reason laid out in Erhart.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss the Complaint is **denied with prejudice**. An appropriate Order accompanies this Opinion.

_____
Dennis M. Cavanaugh, U.S.D.J.

Date:      January 29, 2013
Orig.:     Clerk
cc:        Hon. Mark Falk, U.S.M.J.
           All Counsel of Record
           File