NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DORIS ASIRIFI and CHINEW NWAFOR | : : : | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, | : : : | **OPINION** |
| v. | : : | Civil Action No. 2:11-CV-04039 (DMC)(MF) |
| OMNI ASSET MANAMGEMNT, LLC d/b/a OMNI HEALTH SYSTEMS OF NEW JERSEY AND WEST HUDSON SUB-ACUTE CARE CENTER, LLC | : : : : : | |
| Defendants. | : : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion for clarification/reconsideration by Defendants Omni Asset Management, LLC d/b/a Omni Health Systems of New Jersey and West Hudson Sub-Acute Care Center, LLC ("West Hudson") (collectively "Defendants") pursuant to L. Civ. R. 7.1(i). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' motion for clarification/consideration pursuant to L. Civ. R. 7.1(i) is **denied.**

## I. BACKGROUND

Plaintiffs Doris Asirifi and Chinew Nwafor ("Plaintiffs") were employed as registered nurses at West Hudson, a nursing facility. Plaintiffs claim that they are owed minimum wages

and overtime under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and under

New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.* ("NJWHL"), and seek to maintain

this action individually and as a collective action under the FLSA. Plaintiffs filed a Complaint on

July 14, 2011 (ECF No. 1), an Amended Complaint on March 16, 2012 (ECF No. 31), and a

Second Amended Complaint on April 30, 2012 (ECF No. 40).

On June 7, 2012, Defendants moved to dismiss the Second Amended Complaint, arguing

that Plaintiffs failed to state a claim as individuals as well as a collective action (ECF No. 43).

This Court denied the motion with prejudice on January 29, 2013 (ECF No. 50). With respect to

Defendants' argument that Plaintiffs had not stated a claim as a collective action, this Court

found that it would be best to determine whether the collective action group had stated a claim

after discovery had taken place. Subsequently, Magistrate Judge Mark Falk entered an order on

February 6, 2012, ruling that the matter would go to trial, no additional discovery would be

granted, and any remaining discovery was to be completed by August 1, 2012. Defendants

appealed Judge Falk's decision. Defendants also filed the instant Motion for

Clarification/Reconsideration ("Def's Mot.," Feb. 13, 2013, ECF No. 57). Defendants request

that in the event that Judge Falk reverses his order, this Court reconsider or clarify its decision to

deny Defendants' motion to dismiss. Judge Falk did in fact decide to allow additional discovery

(ECF No. 59), and therefore this Court will address Defendants' motion.

II.     STANDARD OF REVIEW

"The general purpose of a motion for clarification is to explain or clarify something

ambiguous or vague, not to alter or amend." Resolution Trust Co. v. KPMG Peat Marwick, No.

Civ. A. No. 92–1373, 1993 WL 211555, at \*2 (E.D. Pa. June 8, 1993). Conversely, the purpose

of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly

discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985), cert. denied,

476 U.S. 1171 (1986) (citation omitted). Reconsideration is "an extraordinary remedy" that is to

be granted "very sparingly." NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513,

516 (D.N.J. 1996) (citing Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986)). Local

Rule 7.1(i), under which such motions are governed, does not contemplate a recapitulation of

arguments considered by the Court before rendering its original decision. Bermingham v. Sony

Corp. of Am., Inc., 820 F. Supp. 834, 856 (D.N.J. 1992), aff'd 37 F.3d 1485 (3d Cir. 1994). It is

improper to "ask the court to rethink what it ha[s] already thought through — rightly or

wrongly." Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J.

1990). Rather, a motion for reconsideration may be granted only if (1) an intervening change in

the controlling law has occurred; (2) evidence not previously available has become available; or

(3) it is necessary to correct a clear error of law or prevent manifest injustice. Database Am.,

Inc. v. Bellsouth Adver. & Pub. Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993); see also North

River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). Motions for

clarification are often evaluated under the standard for a motion for reconsideration in this

jurisdiction. See, e.g. Fastware, LLC v. Gold Type Business Machines, Inc., Civil Action No.

09–1530, 2009 WL 2151753, at \*2 (D.N.J. July 14, 2009); see also Nye v. Ingersoll Rand Co.,

Civ. A. No. 08–3481, 2011 WL 253957, at \*3 (D.N.J. Jan. 25, 2011).


III.    DISCUSSION

In the present case, Defendants do not allege that there has been an intervening change in controlling law or that there is new evidence that was not previously available. Rather, Defendants seek to have the court modify its opinion to direct the parties to have discovery proceed in accordance with the two-part procedure used for analyzing class action certification under the FLSA set forth in Symczyk v. Genesis HealthCare Corp., 656 F.3d 189, 192 (3rd Cir. 2011), rev'd on other grounds, 133 S.Ct. 1523 (2013). In Symczyk, the Third Circuit stated that, in the initial phase of an FLSA class action suit, courts typically make "a preliminary determination whether the employees enumerated in the complaint can be provisionally categorized as similarly situated to the named plaintiff." Id. Then, after discovery has taken place, courts make a conclusive determination as to whether the standard for a class action has been met. Id.

Defendants' argument that this Court should reconsider or clarify its decision to provide that discovery should take place in accordance with the approach used in Symczyk must fail for several reasons. First, the two-part approach laid out in Symczyk is an analysis used by courts to determine whether a class should be certified; it is not a discovery procedure by which courts need to direct the parties to abide. Second, even if the Symczyk two-part approach were something that courts order parties to follow, the Third Circuit has stated that although the approach has gained wide acceptance, it is "nowhere mandated" and "courts retain broad discretion in determining whether to 'conditionally certify' a class action." Id at 193 n.5. Finally, Defendants' argument is moot at this stage of litigation, as the parties have already conducted discovery regarding class action certification and Plaintiffs have filed their motion to certify the

class (ECF No. 76, July 23, 2013). Thus, a motion for reconsideration that asks the Court to direct the parties how to conduct discovery is not necessary. Accordingly, because they have met none of the standards set forth in Local Rule 7.1(i), Defendants' motion for clarification/reconsideration is denied.

## IV.  CONCLUSION

For the reasons stated, it is the finding of this Court that Defendants' motion for reconsideration pursuant to Local Rule 7.1(i) is **denied**.

 S/ Dennis M. Cavanaugh_____
Dennis M. Cavanaugh, U.S.D.J.

Date:         September _11_,  2013
Orig.:        Clerk
cc:           All Counsel of Record
              Hon. Mark Falk, U.S.M.J.
              File