NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DORIS ASIRIFI and CHINEW NWAFOR<br><br>Plaintiffs,<br><br>v.<br><br>OMNI ASSET MANAMGEMNT, LLC d/b/a OMNI HEALTH SYSTEMS OF NEW JERSEY AND WEST HUDSON SUB-ACUTE CARE CENTER, LLC<br><br>Defendant. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 2:11-CV-04039 (DMC)(JBC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the Appeal of the Magistrate Judge's Decision by Defendant Omni Asset Management, LLC d/b/a Omni Health Systems of New Jersey and West Hudson Sub-Acute Care Center, LLC ("West Hudson" or "Defendant"). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendant's Appeal is **denied**.

**I.  BACKGROUND**

Plaintiffs Doris Asirifi and Chinew Nwafor ("Plaintiffs") were employed as registered nurses at West Hudson, a nursing facility. Plaintiffs claim that they are owed minimum wages and overtime under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and under New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.* ("NJWHL"), and seek to maintain

this action individually and as a collective action under the FLSA. Plaintiffs filed a Complaint on July 14, 2011, an Amended Complaint on March 16, 2012, and a Second Amended Complaint on April 30, 2012. On January 30, 2013, this Court denied Defendant's Motion to Dismiss the Second Amended Complaint.

On February 8, 2013, Plaintiffs sent a letter to this Court asking that the Court enter an amended scheduling order providing for discovery in light of the ruling on Defendant's Motion to Dismiss. On March 1, 2013, Judge Falk entered a new scheduling order providing for further discovery. On March 28, 2013, Defendant provided responses to Plaintiffs' discovery requests. Subsequently, Plaintiffs provided Defendant with a request to correct deficiencies in the responses. When Defendant did not comply with this request, Plaintiffs filed a Motion to Compel on May 8, 2013. Specifically, Plaintiffs sought to compel Defendant to respond to discovery requests related to comparators to Plaintiffs' individual claims and to provide information related to the identities of potential opt-in Plaintiffs. On July 16, 2013, Judge Falk ordered Defendant to provide Plaintiffs with the identities and contact information of all potential opt-in Plaintiffs and reserved on ruling whether Defendant must provide Plaintiffs with discovery related to comparators to Plaintiffs' individual claims.

Defendant filed the instant Appeal on July 17, 2013 ("Def.'s Mot.," ECF No. 74). Plaintiffs filed an Opposition on July 31, 2013 (ECF No. 77). Defendant filed a Reply on August 12, 2013 (ECF No. 80).

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(a), which governs appeals from a

magistrate judge's order on non-dispositive matters, "a district court may reverse a magistrate judge's determination of a non-dispositive motion only if it is 'clearly erroneous or contrary to law.'" Cooper Hosp./Univ. Med. Ctr. v. Sullivan, 183 F.R.D. 119, 127 (D.N.J. 1998); see also Lithuanian Commerce Corp. v. Sara Lee Hoisery, 177 F.R.D. 205, 213 (D.N.J. 1997). Because a magistrate judge's determination is entitled to great deference, it will only be reversed for an abuse of discretion. Id. at 214; see also Schroeder v. Boeing Comm'l Airplane Co., 123 F.R.D. 166, 169 (D.N.J. 1988) (stating that a magistrate "has wide discretion to make interstitial rulings of law in the interests of justice and fairness, provided that the [m]agistrate's opinion is based on clearly articulated principles").

### III. DISCUSSION

Defendant asserts that Judge Falk's order should be reversed because it is improper to allow discovery of putative class members prior to conditional certification. To support this proposition, Defendant relies on the same cases that it relied on in its Opposition to Plaintiffs' Motion to Compel, particularly, Symczyk v. Genesis HealthCare Corp., 656 F.3d 189, 194 (3d Cir. 2011) and Zavala v. Wal-Mart Stores, 691 F.3d 527, 536 (3d Cir. 2012). However, Judge Falk correctly stated the following: "It is true these cases emphasize that conditional certification motions should be made promptly and on a limited record. However, neither case squarely addresses the discovery issue" (ECF No. 71 at 3 n.1). Further, this District has stated that "discovery aimed to gather information about this subject is relevant and the proper topic for an interrogatory even before the collective action is certified." Stillman v. Staples, Inc., CIV.A. 07-849, 2007 WL 7261450, at *1 n.1 (D.N.J. July 30, 2007). Defendant's remaining arguments are

magistrate judge's order on non-dispositive matters, "a district court may reverse a magistrate judge's determination of a non-dispositive motion only if it is 'clearly erroneous or contrary to law.'" Cooper Hosp./Univ. Med. Ctr. v. Sullivan, 183 F.R.D. 119, 127 (D.N.J. 1998); see also Lithuanian Commerce Corp. v. Sara Lee Hoisery, 177 F.R.D. 205, 213 (D.N.J. 1997). Because a magistrate judge's determination is entitled to great deference, it will only be reversed for an abuse of discretion. Id. at 214; see also Schroeder v. Boeing Comm'l Airplane Co., 123 F.R.D. 166, 169 (D.N.J. 1988) (stating that a magistrate "has wide discretion to make interstitial rulings of law in the interests of justice and fairness, provided that the [m]agistrate's opinion is based on clearly articulated principles").

### III. DISCUSSION

Defendant asserts that Judge Falk's order should be reversed because it is improper to allow discovery of putative class members prior to conditional certification. To support this proposition, Defendant relies on the same cases that it relied on in its Opposition to Plaintiffs' Motion to Compel, particularly, Symczyk v. Genesis HealthCare Corp., 656 F.3d 189, 194 (3d Cir. 2011) and Zavala v. Wal-Mart Stores, 691 F.3d 527, 536 (3d Cir. 2012). However, Judge Falk correctly stated the following: "It is true these cases emphasize that conditional certification motions should be made promptly and on a limited record. However, neither case squarely addresses the discovery issue" (ECF No. 71 at 3 n.1). Further, this District has stated that "discovery aimed to gather information about this subject is relevant and the proper topic for an interrogatory even before the collective action is certified." Stillman v. Staples, Inc., CIV.A. 07-849, 2007 WL 7261450, at *1 n.1 (D.N.J. July 30, 2007). Defendant's remaining arguments are

equally unavailing, as Defendant has not shown that Judge Falk made a decision that was "clearly erroneous or contrary to law." Rather, Defendant recites the same arguments that have already been properly rejected by Judge Falk. Accordingly, Defendant's Appeal is denied.

## IV. CONCLUSION

For the reasons stated, it is the finding of this Court that Defendant's Appeal is **denied**. An appropriate order follows this Opinion.

_____
Dennis M. Cavanaugh, U.S.D.J.

Date: October 25, 2013
Orig.: Clerk
cc: All Counsel of Record
Hon. James B. Clark, U.S.M.J.
File