UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DORIS ASIRIFI and CHINWE NWAFOR, <br><br> Plaintiffs, <br><br> v. <br><br> WEST HUDSON SUB-ACUTE CARE CENTER, LLC, <br><br> Defendant. | Hon. Dennis M. Cavanaugh <br><br> **OPINION** <br><br> Civil Action No. 2:11-cv-04039 (DMC)(JBC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the Motion for Conditional Class Certification by Plaintiffs Doris Asirifi and Chinwe Nwafor (collectively "Plaintiffs"). Pursuant to FED. R. CIV. P 78, no oral argument was heard. Based on the following and for the reasons expressed herein, Plaintiffs' Motion for Conditional Certification is **denied without prejudice**.

I.  BACKGROUND[1]

Plaintiffs were employed as registered nurses at West Hudson Sub-Acute Care Center, LLC ("West Hudson"), a nursing facility. Plaintiffs claim that they are owed minimum wages and overtime under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and under New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.* ("NJWHL"), and seek to maintain this action individually and as a collective action under the FLSA. Plaintiffs assert that Defendant regularly deducted thirty minutes of paid time from Plaintiffs' shifts to represent an

---

[1] The facts from this section are taken from the parties' pleadings.

unpaid meal break, regardless of whether such break was taken. Plaintiffs also claim that they worked in excess of their regularly scheduled shifts and were not paid for this time.

Plaintiffs filed a Complaint on July 14, 2011 (ECF No. 1), an Amended Complaint on March 16, 2012 (ECF No. 31), and a Second Amended Complaint on April 30, 2012 (ECF No. 40). Defendant filed a Motion to Dismiss the Second Amended Complaint on June 7, 2012 (ECF No. 43). This Motion was denied on January 29, 2013 (ECF No. 50). Defendant filed an Answer on February 28, 2013 (ECF No. 58). Plaintiffs filed the instant Motion for Conditional Certification on July 23, 2013 ("Pl.'s Mot.," ECF No. 76). Defendant filed an Opposition on August 20, 2013 (ECF No. 81). Plaintiffs filed a Reply on August 27, 2013 (ECF No. 83).

## II. STANDARD OF REVIEW

The Fair Labor Standards Act ("FLSA") governs hour and wage practices and requires, among other things, that employers pay covered employees at least a specified minimum wage for work performed and overtime pay for hours worked in excess of forty hours per week. 29 U.S.C. §§ 202, 207. The Act provides a mechanism that allows groups of such employees to proceed together to seek recovery for violations of the act. Section 216(b) specifically provides:

> [a]n action to recover ... liability may be maintained against any employer ... by one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). This provision allows a group of employees to proceed in a collective action, which enables them to pool their resources to "vindicate their rights" at a lower cost. Hoffmann–La Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1985).

District courts have discretion in prescribing the terms of notice of communication from the named plaintiffs to potential class members on whose behalf the action was filed. See id. at

169. In order for a collective action to proceed under § 216(b): (1) named plaintiffs must show that potential class members are "similarly situated" and (2) members must affirmatively opt-in. See Armstrong v. Weichert Realtors, No. 05–3120, 2006 WL 1455781, at *1 (D.N.J. May 19, 2006).

Although the FLSA does not define "similarly situated," courts in the United States Court of Appeals for the Third Circuit employ a two-step approach: a notice and conditional certification stage, and a final certification or decertification stage. First, the court determines whether potential class members are similarly situated and should be given notice of the action. See Herring v. Hewitt Assocs., Inc., No. 06–267, 2007 U.S. Dist. LEXIS 53278 at *6–7 (D.N.J. July 27, 2007) (citing Morisky v. Public Service Elec. & Gas Co., 111 F.Supp.2d 493, 497 (D.N.J. 2000)). At this stage, the court usually only has evidence before it in the form of pleadings and affidavits, so it uses a fairly lenient standard to determine whether potential collective action members are similarly situated and the court's determination "typically results in conditional certification of a representative class." Id. at *7. Plaintiffs must show a "factual nexus between their situation and the situation of other current and former [employees] sufficient to determine that they are 'similarly situated.'" Herring, 2007 U.S. Dist. LEXIS 53278, at * 13 (quoting Aquilino v. The Home Depot, Inc., No. 04–4100, 2006 U.S. Dist. LEXIS 66084, at *5 (D.N.J. Sept. 6, 2006)). The merits of the plaintiff's claim need not be evaluated and discovery need not be completed in order for such notice to be granted and disseminated. Id. at * 14. Even if the Court conditionally certifies and provides notice to potential plaintiffs, "there is nothing to prevent a court from 'modifying or reversing a decision on similar situations at a later time in the action, as new facts emerge.'" Id. at *12 (quoting Sperling v. Hoffman–LaRoche, 118 F.R.D. 392, 407 (D.N.J. 1988)).

3

At the second stage, after the court has more evidence and is ready for trial, it will apply a stricter standard. See Morisky, 111 F.Supp.2d at 497. If the court finds that the plaintiffs are similarly situated, it will make a final decision to proceed as a class action. Id.

## III. DISCUSSION

The only issue before the Court at this stage is whether Plaintiffs have shown that they are similarly situated to potential class members. In Wright v. Lehigh Valley Hosp., No. 10-431, 2010 WL 3363992, at *1 (E.D. Pa. Aug. 24, 2010), the plaintiff, a nurse, claimed that she and other nurses were not compensated for work they performed during overtime hours. The plaintiff stated that her paychecks and paystubs failed to accurately reflect her hours, and claimed that she "worked alongside other registered nurses who similarly worked before and after their shifts without being properly paid." Id. at *1, 4. However, the plaintiff provided no evidence to show the existence of these other similarly situated nurses. Id. at *4. The court found that "[the plaintiff's] argument that Defendants must have violated other nurses' rights because their uniform policies and procedures allegedly violated her rights is insufficient to satisfy the modest factual showing test." Id. See also Rogers v. Ocean Cable Grp. Inc., No. 10-4198, 2011 WL 6887154, at *4 (D.N.J. Dec. 29, 2011) ("Although each plaintiff submitted an affidavit stating they worked in excess of 40 hours in a workweek, what they are essentially asking the Court to do is to assume that because they worked in excess of 40 hours in a workweek that the other technicians must have as well.").

Similarly, in the present case, Plaintiffs have submitted time cards to evidence the hours that they worked and argue that other potential class members are similarly situated because Defendant's policy was "uniformly instituted again all non-exempt employees" and "resulted in hourly employees being denied proper compensation for all hours worked" (Pl.'s Mot. at 11).

4

This argument suffers from the same flaw that existed in the arguments set forth in <u>Wright</u> and <u>Rogers</u>, as the alleged application of a uniform policy does not, without more, show that potential class members are similarly situated. Accordingly, Plaintiffs' Motion is denied without prejudice.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Conditional Certification is **denied without prejudice.** An appropriate order follows this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date: January 2*7*, 2014
Original: Clerk's Office
cc: Hon. James B. Clark U.S.M.J.
All Counsel of Record
File